■ ERNEST BARON, Appellant, v DOLORES BARON, Respondent.—In a matrimonial action, the plaintiff husband appeals from an order of the Supreme Court, Nassau County, dated August 27, 1979, which directed a deduction in the amount of $642.96 per month from plaintiff's wages and disability pension pursuant to section 49-b of the Personal Property Law, to satisfy a prior order of the same court, dated November 8, 1978, which, *inter alia,* awarded defendant temporary alimony and under which plaintiff is in arrears. Order affirmed, with $50 costs and disbursements. The principal issue is whether the New York court, forum for plaintiff's initial action for divorce, has continuing jurisdiction over this matter, sufficient to enforce a *pendente lite* support order awarded in favor of defendant, where there has been subsequent entry of plaintiff's ex parte divorce decree in the State of Virginia. We find correct Special Term's implicit finding of such continuing jurisdiction as evidenced by enforcement of the 1978 support order. The doctrine of divisible divorce, whereby the severance of the marital *res* may be adjudicated in that forum possessing subject matter jurisdiction (in this case, Virginia), and any property rights ancillary to the marital status must be adjudicated in that forum possessing in personam jurisdiction over that spouse who failed to appear in the foreign divorce action (in this case, New

York), may not be postulated for the proposition that termination of the marital status (by ex parte decree of divorce), operates to extinguish the effect of any interim support order previously entered in that forum possessing personal jurisdiction over the nonappearing spouse, and in such spouse's favor. Since the facts at bar present a case where the interim support order is in the nature of an award of temporary alimony, there must additionally be a pending matrimonial action before the New York court to support enforcement of such interim order subsequent to entry of an ex parte decree of divorce in a sister State. We have such a situation herein. Absent an order of the court or a proper bilateral discontinuance of the divorce action originally commenced in New York (defendant's counsel never signed the discontinuance stipulation), such action survives, and supports enforcement of the previously entered order awarding *pendente lite* relief in favor of the defendant wife. Mollen, P. J., Gibbons, Martuscello and Weinstein, JJ., concur.